# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
04/24/2026
CT Log Number 552032600

## Service of Process Transmittal Summary

**TO:**   Betsy Gassaway, Director Legal Support
Union Pacific Railroad Company
1400 Douglas St
Omaha, NE 68179-0002

**RE:**   **Process Served in Oregon**

**FOR:**   Union Pacific Railroad Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE NORTH AMERICAN INSURANCE COMPANY, AMERICAN FAMILY INSURANCE COMPANY, COUNTRY PREFERRED INSURANCE COMPANY, FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE CO., FARMERS INSURANCE EXCHANGE, FEDERAL INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO INSURANCE COMPANY OF OREGON, STATE FARM FIRE AND CASUALTY COMPANY vs. UNION PACIFIC CORPORATION |
| **CASE #:** | 26CV19690 |
| **PROCESS SERVED ON:** | C T Corporation System, Salem, OR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/24/2026 at 14:46 |
| **JURISDICTION SERVED:** | Oregon |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| | Email Notification,  Kelly Gearhart  kmgearhart@up.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>780 Commercial Street? SE<br>Ste 100<br>Salem, OR 97301<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Apr 24, 2026
**Server Name:**                   Drop Service

| | |
|---|---|
| Entity Served | UNION PACIFIC RAILROAD COMPANY |
| Case Number | 26CV19690 |
| Jurisdiction | OR |

| Inserts | | |
|---|---|---|
| | | |



144722

**CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF WASCO**

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE NORTH AMERICAN INSURANCE COMPANY, AMERICAN FAMILY INSURANCE COMPANY, COUNTRY PREFERRED INSURANCE COMPANY, FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE CO., FARMERS INSURANCE EXCHANGE, FEDERAL INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO INSURANCE COMPANY OF OREGON, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY, | Case No 26CV19690  **SUMMONS** |
| Plaintiffs, | |
| v. | |
| UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendants. | |

**Page 1 - SUMMONS**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

TO:    UNION PACIFIC CORPORATION
       c./o CT Corporation System, Registered Agent
       1108 E South Union Ave
       Midvale, UT 84047

        IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

| **NOTICE TO DEFENDANT:** <br> **READ THESE PAPERS CAREFULLY** <br> You must "appear" in this case or the other side will win automatically. To appear you must file with the court a legal paper called a motion or answer. The motion or answer must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's lawyer or, if the plaintiff does not have a lawyer, proof of service on the plaintiff. If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at 503-684-3763 or toll-free in Oregon at 800-452-7636. | I, Kevin A. Schummer, hereby certify that this is a true and correct copy of the original Summons. <br> Dated: April 24, 2026 <br><br><br> Kevin A. Schummer <br> Grotefeld, Hoffmann <br> Attorneys for Plaintiff |
| --- | --- |

Kevin A. Schummer, Bar No. 151365
Grotefeld Hoffmann & Gordon, LLP
324 S Abernethy St.
Portland, OR  97239
(503) 384-2772

Attorneys for Plaintiffs

**Page 2 -  SUMMONS**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR  97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

**CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF WASCO**

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE NORTH AMERICAN INSURANCE COMPANY, AMERICAN FAMILY INSURANCE COMPANY, COUNTRY PREFERRED INSURANCE COMPANY, FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE CO., FARMERS INSURANCE EXCHANGE, FEDERAL INSURANCE COMPANY, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO INSURANCE COMPANY OF OREGON, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, and USAA GENERAL INDEMNITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC CORPORATION, a Utah corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, <br><br> Defendants. | Case No. 26CV19690 <br><br> **COMPLAINT** <br> **(Negligence, Negligence Per Se, Trespass, Nuisance, Res Ipsa Loquitur, Inverse Condemnation)** <br><br> Fee Authority: ORS 21.160(1)(d): $884 [Prayer Amount: Not Less Than $3,000,000.00] <br><br> Not Subject to Mandatory Arbitration |

**Page 1 -   COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

Subrogation plaintiffs Allstate Indemnity Company, Allstate Insurance Company, Allstate North American Insurance Company, American Family Insurance Company, Country Preferred Insurance Company, Farmers Direct Property and Casualty Insurance Co., Farmers Insurance Exchange, Federal Insurance Company, Garrison Property and Casualty Insurance Company, Liberty Insurance Corporation, Safeco Insurance Company of Illinois, Safeco Insurance Company of Oregon, State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, West American Insurance Company, United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company hereby bring the following Complaint for damages against Defendants Union Pacific Corporation, a Utah corporation, and Union Pacific Railroad Company, a Delaware corporation, as a result of the damages that Plaintiffs sustained in the Rowena Fire that began on June 11, 2025.

## **INTRODUCTION**

1.

The Rowena Fire (the "Fire") was a catastrophic wildfire that began at approximately 1:30 PM on June 11, 2025, in Wasco County, Oregon.

2.

The Fire was ignited by one of Union Pacific's trains, a manifest train operating between Hermiston, Oregon, and Portland, Oregon, believed to be hauling refrigerated boxcars (the "Train").

3.

The Fire started when Defendant's Train emitted superheated particles and ignited dry brush and other vegetation, igniting a fire near milepost 76.05 on Union Pacific's Portland subdivision, around three miles northwest of The Dalles, Oregon.

**Page 2 -   COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

4.

The Fire destroyed more than 56 residences, 91 non-residential commercial properties, and 18 minor structures across 3,600 acres, displacing over 1,500 residents.

5.

At least 588 total personnel were needed to fight the Fire, including 19 hand crews, 25 fire engines, 5 helicopters, 3 bulldozers, and 8 water tenders.

6.

This suit is a subrogation action seeking redress for property damage, loss of use, and other related losses resulting from the Fire.

**PARTIES**

7.

At all relevant times, Plaintiffs Allstate Indemnity Company, Allstate Insurance Company, Allstate North American Insurance Company, American Family Insurance Company, Country Preferred Insurance Company, Farmers Direct Property and Casualty Insurance Co., Farmers Insurance Exchange, Federal Insurance Company, Garrison Property and Casualty Insurance Company, Liberty Insurance Corporation, Safeco Insurance Company of Illinois, Safeco Insurance Company of Oregon, State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, West American Insurance Company, United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company (collectively "Plaintiffs") were and are duly licensed to conduct business in the State of Oregon as an insurance company.

8.

At all relevant times, Defendant Union Pacific Corporation was and is a Utah corporation doing business in the State of Oregon, including in Wasco County, with its primary place of business at 1400 Douglas Street, Omaha, Douglas County, Nebraska 68179. At all relevant times, Defendant Union Pacific Corporation's business activities in Wasco County

**Page 3 -   COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

included the ownership, management, and operation of a railroad. At all relevant times, Union Pacific Corporation operated, governed, and controlled its subsidiaries, including Defendants Union Pacific Railroad Company, a Delaware corporation, and their agents.

9.

At all relevant times, Defendant Union Pacific Railroad Company was and is a Delaware corporation doing business in the State of Oregon, including in Wasco County, with its primary place of business at 1400 Douglas Street, Omaha, Douglas County, Nebraska 68179. At all relevant times, Defendant Union Pacific Railroad Company's business activities in Wasco County included the ownership, management, and operation of a railroad system.

10.

Defendants Union Pacific Corporation and Union Pacific Railroad Company are collectively referred to as "Union Pacific" or "Defendants."

**COMMON ALLEGATIONS**

11.

Defendants connect twenty-three (23) states in the western two-thirds of the United States by rail, including Oregon. Defendants own, operate, maintain, and repair a railroad system that transports supplies and provides transportation to residents, businesses, schools, and industries in Oregon, including in and around Wasco County.

12.

Defendants own, operate, maintain, and repair a railway in Wasco County, Oregon, including a right of way, tracks, roadbed, and other improvements (collectively referred to as the "Tracks").

/ / /

/ / /

**Page 4 -  COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

13.

Defendants knew that the combination of near-constant winds and hot, dry summer conditions creates a high risk of wildfires in the Columbia River Gorge area. There have been several past wildfires in the Columbia River Gorge area.

14.

In August 2014, a fire (likewise named the Rowena Fire) burned around 3,500 acres in the Rowena, Oregon area, forcing hundreds of residents to evacuate their homes.

15.

In June 2016, a train operated by Union Pacific derailed in the Columbia River Gorge near Mosier, Oregon. Sixteen (16) of the ninety-six (96) cars carrying oil spilled their contents, with an estimated 42,000 gallons of oil catching fire or entering the Columbia River.

16.

In September 2017, the Eagle Creek Fire burned around 50,000 acres near Multnomah Falls, Oregon.

17.

On August 25, 2023, the Washington Department of Natural Resources determined that exhaust particles from a train operated by BNSF Railway had started the Tunnel 5 Fire, which burned several hundred acres on the northern side of the Columbia River Gorge in Skamania County, Washington.

18.

In July 2024, the Microwave Tower Fire started around five (5) miles west of Mosier, Oregon and burned approximately 1,300 acres. The fire prompted Level 1 and Level 2 evacuation notices for the surrounding communities of Wasco and Hood River counties.

**Page 5 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

## THE FIRE

19.

Prior to and on June 11, 2025, the National Weather Service issued "red flag warnings" of extreme wildfire risk in the Columbia River Gorge, including Wasco County, due to a combination of strong winds, low relative humidity, and hot temperatures in the area.

20.

Despite the warnings of extreme risk of wildfires in Wasco County on June 11, 2025, Defendants operated their Train in an area with dry and overgrown vegetation on and adjacent to its Tracks.

21.

Multiple eyewitness accounts report that the Fire started when sparks, hot debris, particles, emissions, and/or other materials from Defendants' Train ignited the overgrown vegetation on or near Defendants' Tracks.

22.

The high temperatures and winds gusting up to thirty (30) miles per hour facilitated the spread of the Fire over the landscape, consuming several thousand acres.

23.

Pursuant to their policies of insurance, Plaintiffs' insureds made claims to Plaintiffs seeking indemnification and reimbursement for damages resulting from the Fire.

24.

Plaintiffs have incurred damages as a result of the Fire.

///

///

**Page 6 -  COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR  97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

25.

In consideration of Plaintiffs' payments to their insureds as a result of the Fire, they are subrogated to all rights, claims, and interests that the policyholders may have against any person or entity that may be liable for causing the reimbursed damages that resulted from the Fire.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Negligence and Negligence Per Se)

26.

Plaintiffs incorporate and re-allege each of the foregoing paragraphs as though fully set forth herein.

27.

At all times relevant, it was the duty of Defendants to use reasonable care to avoid exposing Plaintiffs' insureds' property to a foreseeable risk of harm.

28.

Defendants have a duty of care to maintain, inspect, and operate its Tracks with the utmost care and prudence, because the operation of a railway exposes the public to serious accident or death.

29.

Operating a railroad is a matter of public concern. Defendants owe a duty to the public to operate their railroad in a safe and prudent manner in compliance with Oregon state law and federal regulations.

30.

Defendants have a duty to inspect, maintain, repair, and operate their Train, to ensure that it is in proper condition and safe to operate without unnecessary peril to life and limb.

Page 7 -  COMPLAINT

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

33.

Defendants have a duty to inspect and maintain their Tracks, including managing and maintaining vegetation on or near their Tracks, to prevent fire hazards.

34.

In addition, consistent industry practices and procedures, Defendants have the duty to:

    a. Conduct prompt, proper, and frequent inspections of their locomotives and railcars, including particularly the Train;

    b. Manage vegetation on or near their Tracks so as not to create a fire hazard;

    c. Operate, maintain, and/or repair their locomotives and railcars, including particularly the Train, in such a way as to ensure their safe and proper operation, especially under dry and windy conditions where there is a high risk of wildfires;

    d. Use appropriate and available technology, such as "track warning detectors"; appropriately place such detectors to ensure timely alerting of any potential problems; implement appropriate policies for the use of such detectors including, but not limited to, setting appropriate alarm thresholds and criteria for determining when a potentially dangerous condition exists; and ensure that such detectors are timely and properly inspected and maintained;

    e. Ensure a proper mechanism for stopping or slowing malfunctioning locomotives and/or railcars, including the Train, in a timely manner to avoid ignition of a fire;

**Page 8 -  COMPLAINT**

Grotefeld Hoffmann
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

f.  Hire, train, manage, oversee, and supervise their officers, agents, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher, concerning the operation of their Train on June 11, 2025;

g.  Properly determine the adequacy and skill of their officers, agents, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher concerning the operation of their Train on June 11, 2025;

h.  Ensure that their officers, agents, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires, and concerning safety and emergency procedures if a fire were ignited along their Tracks on June 11, 2025;

i.  Develop and implement a wildfire mitigation plan;

j.  Timely implement an emergency response plan in the event of fire ignition on or near their Tracks; and

k.  Contain the spread of fire on or near their Tracks.

35.

Defendants breached these duties by, among other things:

a.  Failing to properly inspect, repair, and maintain the Train on or before June 11, 2025;

b.  Failing to properly manage vegetation on or near their Tracks on or before June 11, 2025, to mitigate the risk of wildfire;

**Page 9 -   COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

c. Failing to operate, maintain, and/or repair their Train in a manner that would ensure its safe and proper operation, and would mitigate the risk of wildfire;

d. Failing to maintain vigilant lookout during the operation of the Train on June 11, 2025;

e. Failing to immediately notify train dispatchers about fires observed along their Tracks on June 11, 2025;

f. Failing to use, and/or respond to messages from, its "track warning detectors" along the Tracks on June 11, 2025, so as to prevent and/or rapidly respond to a fire;

g. Failing to appropriately place such detectors along the Tracks in Wasco County prior to June 11, 2025, to ensure timely alerting of any potential problems;

h. Failing to implement appropriate policies for the use of such detectors in Wasco County (including, but not limited to, setting appropriate alarm thresholds and criteria for determining when a fire or other potentially dangerous condition exists), and failing to and ensure that such detectors were timely and properly inspected and maintained;

i. Failing to properly calibrate, maintain, test, and operate the brake systems on the Train;

/ / /

/ / /

/ / /

**Page 10 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

j. Failing to adequately hire, train, manage, oversee, and supervise their officers, agents, and employees, including but not limited to the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on June 11, 2025;

k. Failing to properly determine the adequacy and skill of their officers, agents, and employees, including but not limited to, the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on June 11, 2025;

l. Failing to adequately ensure that their officers, agents, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires and concerning safety and emergency procedures in the event of a fire along their Tracks on June 11, 2025;

m. Failing to properly develop and implement a wildfire mitigation program;

n. Failing to implement an emergency response plan in the event of fire on or near their Tracks on June 11, 2025; and

o. Failing to promptly contain the spread of fire on or near their Tracks on June 11, 2025.

37.

Defendants' violation of such safety laws and regulations constitutes negligence per se.

/ / /

/ / /

**Page 11 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

38.

As a direct, proximate, and foreseeable result of Defendants' negligence, Plaintiffs' insureds suffered damage to their real and personal property.

39.

As a result of this damage, Plaintiffs' insureds made claims to Plaintiffs, who in turn issued payments pursuant to their insureds' insurance policies.

40.

As a direct and proximate result, Plaintiffs incurred damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Trespass)

41.

Plaintiffs incorporate and re-allege each of the foregoing paragraphs as though fully set forth herein.

42.

On June 11, 2025, Plaintiffs' insureds were residents and owners of real and personal property in the Fire area and thus had an interest in exclusive possession of such property.

43.

As described above, Defendants owed Plaintiffs' insureds numerous duties regarding the operation, inspection, maintenance, and repair of their Train, to ensure that it was in proper condition and safe to operate on June 11, 2025, without causing unnecessary peril to life and limb and/or without igniting a wildfire.

**Page 12 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

44.

Defendants also owed Plaintiffs numerous duties regarding the inspection and maintenance of their Tracks, including managing and controlling vegetation on or near their Tracks, to ensure that their Tracks were in proper condition and safe to have a Train run on them on June 11, 2025, without causing unnecessary peril to life and limb and/or without igniting a wildfire.

45.

Defendants negligently, carelessly, and/or recklessly breached these duties, causing the Fire to ignite and spread out of control, and to intrude onto or into Plaintiffs' real and personal property.

46.

Plaintiffs' insureds did not grant permission for any fire, smoke, or ash to enter their properties.

47.

As a direct, proximate, and foreseeable result of Defendants' trespass, Plaintiffs' insureds suffered damage to their real and personal property.

48.

As a result of this damage, Plaintiffs' insureds made claims to Plaintiffs, who in turn issued payments pursuant to their insureds' insurance policies.

49.

As a direct, proximate, and foreseeable result, Plaintiffs incurred damages in an amount to be proven at trial.

**Page 13 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

## THIRD CLAIM FOR RELIEF
### (Nuisance)

50.

Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

51.

On June 11, 2025, Plaintiffs' insureds were the owners and lawful occupiers of real properties in the area to which the Fire spread. Plaintiffs' insureds had a possessory interest in real property that the Fire damaged and destroyed, including the right to quiet use and enjoyment.

52.

As more fully described above, despite the propensity of its Train to ignite fires, and the inadequacy of maintenance of their Tracks, on June 11, 2025, under hazardous weather conditions, Defendants operated their Train in Wasco County in violation of Oregon law and federal regulations.

53.

Defendants' negligent and unlawful operation of their Train on June 11, 2025, which resulted in the Fire, created conditions and/or permitted conditions to exist that:

　　a. Obstructed the free use of property, so as to substantially interfere with the comfortable enjoyment of life and property; and

　　b. Obstructed the free passage or use, in the customary manner, of public streets and highways.

/ / /

/ / /

**Page 14 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

54.

These conditions, including flames, smoke, embers, ash, odors, gases, and airborne particles, interfered with Plaintiffs' insureds' right to quiet enjoyment of their property in a way unique to each insured.

55.

These conditions affected a substantial number of people at the same time.

56.

At no time did Plaintiffs' insureds consent to Defendants' actions in creating these conditions.

57.

An ordinary person would be reasonably annoyed and disturbed by Defendants' actions in creating these conditions.

58.

Defendants realized or should have realized that the objectionable conditions posed an unreasonable risk of fire that could spread and damage Plaintiffs' insureds' property.

59.

Defendants' negligence, recklessness, and/or unlawful behavior substantially interfered with Plaintiffs' insureds' use and enjoyment of their real and personal property.

60.

The harms caused by Defendants were unique to each of Plaintiffs' insureds and different from damages suffered by other Plaintiffs' insureds and from the general public.

///

**Page 15 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

61.

Whatever benefit Defendants realized by their behavior was outweighed by the harm its operations imposed on Plaintiffs' insureds.

62.

As a direct and proximate result of Defendants' creation of public and/or private nuisances, Plaintiffs' insureds suffered, and will continue to suffer damages to their property, as herein alleged.

63.

As a result of this damage, Plaintiffs' insureds made claims to Plaintiffs, who in turn issued payments pursuant to their insureds' insurance policies.

64.

As a direct, proximate, and foreseeable result, Plaintiffs incurred damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Res Ipsa Loquitur)

65.

Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

66.

At the time the Fire ignited, Defendants' Train operated on the Tracks in the general area of origin of the fire.

/ / /

/ / /

**Page 16 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

67.

There is no information or evidence that any individual or entity other than Defendants caused or contributed to the release or emission of superheated particles, sparks, or other materials that ignited the Fire.

68.

The wildfire was not caused by any voluntary action or contribution by Plaintiffs.

69.

After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely have evidentiary support to establish an inference that Defendants' negligence caused Plaintiffs' insureds' damages.

70.

One or more wrongful acts or omissions of Defendants amounted to a breach of its duty of care to Plaintiffs caused the release of superheated particles or sparks that ignited dry grasses and vegetation on or near the Tracks, causing the Fire.

71.

As a direct and proximate result of Defendants' acts and omissions that caused the Fire, Plaintiffs' insureds suffered, and will continue to suffer substantial harms, including, but not limited to, the damages alleged herein.

72.

As a result of this damage, Plaintiffs' insureds made claims to Plaintiffs, who in turn issued payments pursuant to their insureds' insurance policies.

///

**Page 17 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

73.

As a direct, proximate, and foreseeable result, Plaintiffs incurred damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Inverse Condemnation Against All Defendants)

74.

Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

75.

Plaintiffs bring this cause of action for inverse condemnation against all Defendants.

76.

Defendants' operation and maintenance of its Tracks, which was a substantial cause of Plaintiffs' damages, are a public improvement for a public use under Oregon law.

77.

Article XI, Section 4 of the Oregon Constitution provides:

> No person's property shall be taken by any corporation under authority of law, without compensation first being made, or secured in such manner as may be prescribed by law.

78.

Defendants are each a "corporation" within the meaning of Article XI, Section 4. By this article, the Oregon Constitution prescribes that a *de jure* taking must only be effected under authority of law: typically through an eminent domain proceeding. When a corporation carries out an action, policy, or omission, that has the effect of taking property without compensation,

**Page 18 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

the corporation has effected a *de facto* taking under Oregon law, and is properly subject to a claim for inverse condemnation.

79.

By causing the Rowena Fire, Defendants took Plaintiffs' insureds' property, without compensation, and by means other than eminent domain or any other authority of law.

80.

Article I, Section 18 of the Oregon Constitution provides:

> Private property shall not be taken for the public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered; provided that the use of all roads, ways and waterways necessary to promote the transportation of the raw products of mine or farm or forest or water for beneficial use or drainage is necessary to the development and welfare of the state and is declared a public use.

81.

The Defendants' design, development, construction, installation, control, management, maintenance, inspection, ownership, and operation of its Tracks constitute a public improvement for a public use.

82.

The damage resulting from the Rowena Fire was the "necessary, certain, predictable, or inevitable" consequence, within the meaning of *Dunn v. City of Milwaukie* (2014) 355 Or. 339, 361, of actions or omissions taken by the Defendants that caused the fires and/or were the natural and ordinary result of such actions or omissions.

/ / /

/ / /

**Page 19 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

83.

In the Rowena Fire, the Defendants' Train and Tracks substantially caused Plaintiffs' damages pursuant to a "public use" as defined by Oregon law. Property that is taken in connection with the operation of a utility, whether or not it is a result of intentional operations or negligent practices, is property that is taken for a "public use." The property damaged by Defendants by and through the Rowena Fire, was thereby taken for a public use.

84.

Defendants have a non-delegable duty to maintain and upkeep their trains and Tracks, which includes maintenance of their trains and vegetation management around their Tracks. The inherent danger in Defendants failing to maintain and continuously upkeep their trains and the surrounding vegetation around their Tracks ultimately resulted in the Rowena Fire and damaged Plaintiffs' insureds' property.

85.

The damage to Plaintiffs' insureds' property was the inescapable and unavoidable consequence of Defendants' train and Tracks as deliberately designed, constructed, and maintained. This damage was the necessary and probable result of Defendants' public improvement of operating trains and a railroad.

86.

As an actual result of Defendants' aforementioned acts and/or omissions, Plaintiffs' insureds were permanently deprived of the use and enjoyment of their property. As a direct result of the taking of the property, Plaintiffs paid their insureds in an amount to be proven at trial.

**Page 20 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Allstate Indemnity Company, Allstate Insurance Company, Allstate North American Insurance Company, American Family Insurance Company, Country Preferred Insurance Company, Farmers Direct Property and Casualty Insurance Co., Farmers Insurance Exchange, Federal Insurance Company, Garrison Property and Casualty Insurance Company, Liberty Insurance Corporation, Safeco Insurance Company of Illinois, Safeco Insurance Company of Oregon, State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance Company, West American Insurance Company, United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company pray for judgment against Defendants Union Pacific Corporation and Union Pacific Railroad Company, and each of them as set forth below.

1. For monetary damages in an amount to be proven at trial;

2. For prejudgment interest where allowable by law;

3. For post judgment interest;

4. For attorney's fees and costs of suit where allowable by law; and

5. For such other relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 21 - COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

**DEMAND FOR JURY TRIAL**

The Plaintiffs demand a trial by jury on all issues so triable.

DATED:  April 24, 2026

GROTEFELD HOFFMANN & GORDON, LLP


_/s/ Kevin A. Schummer_
Kevin A. Schummer, Bar No. 140276
324 S Abernethy Street
Portland, OR  97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com

MACMILLAN SCHOLZ & MARKS LLC


_/s/ Eric Virshbo_
Eric Virshbo, Bar No. 021078
4640 S. Macadam Ave, Suite 100
Portland, OR  97239
Phone: (503) 224-2165
Fax: (503) 224-0348
evirshbo@msmlegal.com


_Attorneys for Plaintiffs_

**Page 22 -  COMPLAINT**

GROTEFELD HOFFMANN
324 S Abernethy Street
Portland, OR  97239
Phone: (503) 384-2772
Fax: (312) 601-2402
kschummer@ghlaw-llp.com